IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Gregory Todd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHICAGO POLICE DETECTIVE ROBERT BRIDGES) | |
| STAR NO. 20744; CHICAGO POLICE DEPARTMENT) | |
| DETECTIVE GERALDO DE LUNA STAR NO. 2845; ) | 19cv1677 |
| CHICAGO POLICE OFFICER CHRISTOPHER ) | |
| PILGRIM STAR NO. 14264; CHICAGO POLICE ) | |
| OFFICER JESSIE RESENDEZ STAR NO. 8740; ) | |
| CHICAGO POLICE OFFICER JASON WOLENSKI ) | |
| STAR NO. 11885; CHICAGO POLICE OFFICER ) | |
| STEVEN SANDERS STAR NO. 11082; CHICAGO ) | |
| POLICE OFFICER JAMES WYNN STAR NO. 6880; ) | |
| CHICAGO POLICE OFFICER SERGIO GLOWACKI) | |
| STAR NO. 15452; CHICAGO POLICE OFFICER COOK) | JURY DEMAND |
| STAR NO. 7301, THE CITY OF CHICAGO, A ) | |
| MUNICIPAL CORPORATION, JASON BOCK; ) | |
| AARON LANNGUTH; AND MIKE TORKA, ) | |
| INDIVIDUALLY AND AS AGENTS OF EPIC ) | |
| BURGER INC, A CORPORATION. | |
| Defendants. | |

**COMPLAINT**

NOW COMES PLAINTIFF GREGORY TODD, by and through his attorneys, ROBERTSON DURIC, in complaining of CHICAGO POLICE DETECTIVE ROBERT BRIDGES, STAR NO. 20744; CHICAGO POLICE DEPARTMENT DETECTIVE GERALDO DE LUNA, STAR NO. 2845; CHICAGO POLICE OFFICER CHRISTOPHER PILGRIM

STAR NO. 14264; CHICAGO POLICE OFFICER JESSIE RESENDEZ, STAR NO. 8740; CHICAGO POLICE OFFICER JASON WOLENSKI, STAR NO. 11885; CHICAGO POLICE OFFICER STEVEN SANDERS, STAR NO. 11082; CHICAGO POLICE OFFICER JAMES WYNN, STAR NO. 6880; CHICAGO POLICE OFFICER SERGIO GLOWACKI, STAR NO. 15452; CHICAGO POLICE OFFICER THOMAS COOK, STAR NO. 7301, THE CITY OF CHICAGO, A MUNICIPAL CORPORATION, JASON BOCK; AARON LANNGUTH; AND MIKE TORKA, and EPIC BURGER INC, A CORPORATION, and states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983, and Illinois state law for the deprivation of Plaintiff Gregory Todd's constitutional rights and violations of Illinois State law. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C § 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff Gregory Todd, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants Chicago Police Detective Robert Bridges, Star No. 20744; Chicago Police Department Detective Geraldo De Luna, Star No. 2845; Chicago Police Officer Christopher Pilgrim Star No. 14264; Chicago Police Officer Jessie Resendez, Star No. 8740; Chicago Police Officer Jason Wolenski, Star No. 11885; Chicago Police Officer Steven Sanders, Star No. 11082; Chicago Police Officer James Wynn, Star No. 6880; Chicago Police Officer Sergio Glowacki, Star No. 15452; Chicago Police Officer Thomas Cook, Star No. 7301, were at all times material hereto, duly appointed Chicago Police Officers employed by the Defendant City

of Chicago and acting in the capacity of a sworn law enforcement officials.

5. Defendant City of Chicago was, at all relevant times, an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located within this judicial district.

6. Jason Bock, Aaron Lannguth, and Mike Torka were at all times material hereto employees and agents of Epic Burger, Inc. and residents of this judicial district.

7. Defendant Epic Burger, Inc. was, at all relevant times, a Delaware Corporation doing business in the State of Illinois as Epic Burger, which was located within this judicial district.

## FACTUAL SUMMARY

8. Plaintiff Gregory Todd was an employee of Defendant Epic Burger from 2012 through March 2017, when he was inexplicably terminated from his position as General Manager of one of the Epic Burger locations.

9. Following his termination, Gregory Todd filed a discrimination claim with the EEOC and the Illinois Department of Rights regarding his termination.

10. On April 2, 2017, the office of the Epic Burger location at which Plaintiff Todd had worked was broken into and money was stolen.

11. This break-in was captured on video.

12. While his civil discrimination case charge pending, Defendants Jason Bock, Aaron Lannguth and Mike Torka, all of whom were still employed by Epic Burger and had knowledge of the civil discrimination charge filed by Plaintiff Todd, implicated Plaintiff as being the individual involved in the burglary based on the surveillance video.

13. Such statements were false and made despite the fact that it was clearly not Plaintiff

Todd in that surveillance video.

14. The surveillance video was also inexplicably missing certain segments of the video. No satisfactory explanation for how these excerpts came to be missing or who caused them to be missing was ever offered.

15. Defendant Chicago Police Detectives Bridges and De Luna obtained an arrest warrant for Plaintiff Todd in connection with the Epic Burger Burglary based on this and other false information; such arrest warrant was obtained even though both Defendant Detectives witnessed the video and could see that it was not Plaintiff Todd who had committed the burglary at the Epic Burger.

16. On June 7, 2017, Plaintiff Todd was arrested by, or at the direction of, Defendant Chicago Police Officers with the false information provided by the Epic Burger Defendants serving as part of the foundation for the arrest warrant.

17. Following Plaintiff Todd's arrest, false information provided by both the Chicago Police Department Defendants and the Epic Burger Defendants was used at Plaintiff's bond hearing.

18. Following that bond hearing, Plaintiff was issued a bond that he could not meet and was forced to remain detained in the Cook County Jail.

19. Plaintiff Todd was indicted in 17 CR 9851 based on the false information provided by both the Chicago Police Department Defendants and the Epic Burger Defendants.

20. Plaintiff could still not meet his bond and was forced to remain detained in the Cook County Jail or on electronic monitoring/house arrest until December of 2017. After that point, Plaintiff was still subject to the conditions of bond as set by pre-trial services, which required among other things a strictly enforced 7 p.m. to 7 a.m. curfew.

21. All Defendant Chicago Police Department Officers created or signed off on official police reports that contained false statements and false information that falsely implicated Plaintiff Todd in the burglary at the Epic Burger; these reports included the false information provided by the Epic Burger Defendants.

22. These false police reports were provided to the Cook County State's Attorney's Office and served as the basis for the prosecution of Plaintiff Todd for burglary.

23. All the Chicago Police Department Defendants and the Epic Burger Defendants were ready and willing to testify or in fact did testify against Plaintiff Todd at his criminal trial; that trial was held in March 2018.

24. On March 9, 2018, Plaintiff Todd was acquitted of the sole count of burglary in Indictment 17CR9851 following a jury trial before the Honorable Dominica Stephenson.

25. As a result of the actions of Defendant Chicago Police Officers and Epic Burger Defendants, including the resulting incarceration and legal proceedings, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

26. As a result of the actions of Defendant Epic Burger Employees and the resulting incarceration and legal proceedings, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

27. The misconduct described in this Court was undertaken by the Defendant Chicago Police Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

28. The misconduct described in this Court was undertaken by the Defendant Epic Burger

5

employees within the scope of their employment such that their employer, Epic Burger, Inc., is liable for their actions.

## COUNT I
### 42 U.S.C. § 1983: False Arrest
### (Against All Individual Police Defendants)

29. Plaintiff re-alleges and incorporates paragraphs 1-28 as fully stated herein.

30. As described above, Defendant Chicago Police Officers, falsely arrested and unlawfully detained Plaintiff Gregory Todd without justification and without probable cause in violation of the United States Constitution.

31. The misconduct described in this Count was unreasonable and violated the rights of the Plaintiff under the Fourth Amendment of the United States Constitution.

32. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

33. The misconduct described in this Court was undertaken by the Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

## COUNT II
### Fourth Amendment Section 1983 – Unlawful Detention
### (Against All Individual Police Defendants)

34. Plaintiff re-alleges and incorporates paragraphs 1-33 as fully stated herein.

35. As described above, Defendant Chicago Police Officers falsely arrested Plaintiff Gregory Todd knowing there was no probable cause to prosecute him for burglary after an arrest

warrant based on false information was obtained.

36. Plaintiff Gregory Todd was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued in an unreasonable manner, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

37. The actions stated herein violate the United States Constitution, specifically the 4th and 14th Amendments.

38. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

39. The misconduct described in this Court was undertaken by the Defendant Chicago Police Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

## COUNT III
### Illinois State Law Claim: Malicious Prosecution
### (Against All Defendants)

40. Plaintiff Gregory Todd re-alleges and incorporates paragraphs 1-39 as fully stated herein.

41. As described above, Defendant Chicago Police Officers obtained an arrest warrant based on false information for the Plaintiff, arrested Plaintiff based on that falsely obtained warrant, and unlawfully detained Plaintiff without justification and without probable cause.

42. Individual Epic Burger Defendants falsely implicated Plaintiff Gregory Todd who

had been previously employed by Epic Burger and had a pending EEOC charge against Epic Burger at the time he was falsely implicated.

43. As a result of the actions of Defendant Chicago Police Officers and Defendant Epic Burger Employees, Plaintiff Gregory Todd was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

44. Defendant Chicago Police Officers and Defendant Epic Burger employees accused Plaintiff of criminal activity knowing those accusations to be without probable cause, fabricated evidence, and made false reports with the intent of exerting influence to institute and continue judicial proceedings.

45. Statements of Defendant Chicago Police Officers and those of Defendant Epic Burger employees regarding Plaintiff Gregory Todd's alleged culpability were made with knowledge that the statements were false. In so doing, the Defendant Chicago Police Officers and Defendant Epic Burger employees fabricated evidence, provided false evidence, and withheld exculpatory information.

46. This misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

48. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

49. The misconduct described in this Count was undertaken by Defendant Epic Burger employees within the scope of their employment such that their employer, Epic Burger, is liable for their actions.

## COUNT IV
### Illinois State Law Claim: Intentional Infliction of Emotional Distress
### (Against All Individual Defendants)

50. Plaintiff Gregory Todd re-alleges and incorporates paragraphs 1-49 as fully stated herein.

51. The behavior of Defendant Chicago Police Officers and Defendant Epic Burger employees described herein constituted extreme and outrageous conduct.

52. At all times detailed in the Complaint when Defendant Chicago Police Officers and Defendant Epic Burger employees engaged in this extreme and outrageous conduct, Defendant Chicago Police Officers and Defendant Epic Burger employees knew Plaintiff Gregory Todd was innocent and had not committed any crime.

53. In engaging in this extreme and outrageous conduct, Defendant Chicago Police Officers and Defendant Epic Burger employees either intended to inflict severe emotional distress upon Plaintiff Gregory Todd or knew that there was a high probability that their conduct would cause severe emotional distress upon the Plaintiff.

54. As a direct and proximate result of the extreme and outrageous conduct by and Defendant Chicago Police Officers and Defendant Epic Burger employees, Plaintiff Gregory Todd suffered severe and extreme emotional distress and continued to suffer such severe extreme emotional distress during subsequent court dates and throughout the intervening periods,

including suffering from emotional distress, anxiety and interference with certain basic life functions including the ability to sleep.

55. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

56. The misconduct described in this Count was undertaken by Defendant Epic Burger employees within the scope of their employment such that their employer, Epic Burger, is liable for their actions.

## COUNT V
### Section 1983 Conspiracy Claims
### (Against All Individual Police Defendants)

57. Plaintiffs re-allege and incorporate paragraphs 1-56 above as fully stated herein.

58. In agreeing to falsely charge Plaintiff Gregory Todd with a criminal offense without any reason to believe he had committed a crime, Defendant Chicago Police Officers acted in concert with each other to intentionally deprive Plaintiff of his Constitutional rights under color of law.

59. In furtherance of this conspiracy, Defendant Chicago Police Officers took overt acts in fabricating false police reports, criminal complaints and giving false testimony under oath, in an effort to unlawfully convict Plaintiff Gregory Todd of a criminal offense, all in violation of both state and federal law.

60. In furtherance of this conspiracy, Defendant Chicago Police Officers took overt acts to conceal their ongoing misconduct and unlawfully convict Plaintiff Gregory Todd of a criminal offense, all in violation of both state and federal law.

61. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff Gregory Todd.

62. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

63. The aforementioned actions of the Defendant Chicago Police Officers were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

64. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

## COUNT VI
### Illinois State Law Conspiracy
### (Against All Individual Defendants)

65. Plaintiff Gregory Todd realleges and incorporates by reference Paragraphs 1 through 64 above as though fully set forth herein.

66. Defendant Chicago Police Officers reached an agreement and conspired with one another and with the Individual Epic Burger Defendants to fabricate evidence and falsely institute and continue State and criminal proceedings against Plaintiff Gregory Todd.

67. Defendant Chicago Police Officers and Individual Epic Burger Defendants took overt acts in furtherance of their conspiracy, including but not limited to making false statements, creating false police reports and providing false statements and testimony.

68. Defendant Chicago Police Officers and Individual Epic Burger Defendants acted with

malice, willfulness, and reckless indifference to Plaintiff's rights.

69. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

70. The misconduct described in this Count was undertaken by Defendant Epic Burger employees within the scope of their employment such that their employer, Epic Burger, is liable for their actions.

71. As a direct and proximate result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Gregory Todd suffered loss of liberty, lost wages, emotional distress, including increased anxiety, and difficulties performing some daily functions of life, including sleeping.

**COUNT VII**
State Law Claim: False Arrest
(Against All Defendants)

72. Plaintiff Gregory Todd realleges and incorporates by reference Paragraphs 1 through 71 above as though fully set forth herein.

73. As described above, Plaintiff was falsely arrested and unlawfully detained without justification and without probable cause based on false allegations made by Defendants individually, or by their employees and/or agents.

74. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

75. As the direct and proximate result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff Todd suffered damages, including but not limited to loss of liberty,

12

mental distress and anguish, emotional distress, anguish, humiliation, and disruption of daily life activities.

76. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

77. The misconduct described in this Count was undertaken by Defendant Epic Burger employees within the scope of their employment such that their employer, Epic Burger, is liable for their actions.

## COUNT VIII
### State Law Claim: Indemnification
### (By Plaintiff Against Defendant City of Chicago)

78. Plaintiff re-alleges and incorporates paragraphs 1-77 as fully stated herein.

79. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

80. Defendants Chicago Police Detective Robert Bridges, Star No. 20744; Chicago Police Department Detective Geraldo De Luna, Star No. 2845; Chicago Police Officer Christopher Pilgrim Star No. 14264; Chicago Police Officer Jessie Resendez, Star No. 8740; Chicago Police Officer Jason Wolenski, Star No. 11885; Chicago Police Officer Steven Sanders, Star No. 11082; Chicago Police Officer James Wynn, Star No. 6880; Chicago Police Officer Sergio Glowacki, Star No. 15452; Chicago Police Officer Thomas Cook, Star No. 7301, were at all times material hereto, duly appointed Chicago Police Officers employed by the Defendant City of Chicago and acting in the capacity of sworn law enforcement officials in committing the misconduct described herein.

13

## REQUEST FOR RELIEF

Plaintiff Gregory Todd respectfully requests that the Court:

a. Enter a judgment in Plaintiff's favor and against all Defendants;

b. Award compensatory damages to Plaintiff and against all Defendants;

c. Award attorney's fees to Plaintiff and against Defendant Chicago Police Officers;

d. Award punitive damages to Plaintiff and against Defendant Chicago Police Officers;

e. Award pre-judgment and post-judgment to Plaintiff and against all Defendants;

f. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff Gregory Todd demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,
/s/ Robert Robertson

Robert Robertson
Robertson Duric
One North La Salle St.
Chicago, Illinois 60602
(312) 223-8600